UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES MCNEES, DAVID BRESSELSMITH, and TONEY A. WHITE,<br><br>Plaintiffs<br><br>v.<br><br>RONALD OLIVER, et al.,<br><br>Defendants | Case No.: 2:23-cv-01121-APG-DJA<br><br>**Order Dismissing McNees and Bresselsmith From Action** |

Pro se plaintiffs Charles McNees, David Bresselsmith, and Toney A. White bring this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that they claim they suffered while incarcerated. ECF No. 1-1. On July 26, 2023, the magistrate judge ordered McNees, Bresselsmith, and White to each file fully complete applications to proceed *in forma pauperis* or pay the full $402 filing fee on or before September 22, 2023. ECF No. 6. The magistrate judge warned them that the action could be dismissed if they failed to each file fully complete applications to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. *Id.* at 3. After White was the only plaintiff who filed a fully complete application to proceed *in forma pauperis*, the magistrate judge gave McNees and Bresselsmith until October 25, 2023, to file fully complete applications or alternatively stated that the plaintiffs could pay the full $402 filing fee for this case. ECF Nos. 7, 15. That deadline expired and McNees and Bresselsmith did not file fully complete applications

to proceed *in forma pauperis.* The three plaintiffs also did not pay the full $402 filing fee or otherwise respond. I now dismiss McNees and Bresselsmith from this action.[1]

I.  **Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of McNees and Bresselsmith's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

---

[1] I will address White's ability to proceed with this action in a separate order.

F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless McNees and Bresselsmith each file fully complete applications to proceed *in forma pauperis* or all three plaintiffs pay the $402 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that McNees and Bresselsmith need additional time or evidence that they did not receive the court's order. Setting a third deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal of McNees and Bresselsmith from this case.

## II.     Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal of McNees and Bresselsmith. It is therefore ordered that McNees and Bresselsmith are

3

dismissed from this action without prejudice based on their failure to each file fully complete applications to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with the magistrate judge's July 26, 2023, and September 25, 2023, orders. Neither McNees nor Bresselsmith may file any other documents in this case. If McNees or Bresselsmith wish to pursue their claims, they must file individual complaints in a new case and satisfy the matter of the filing fee.

      The Clerk of the Court is directed to send McNees, Bresselsmith, and White each a copy of this order.

      Dated: November 7, 2023

                                                        U.S. District Judge