**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TONEY A. WHITE, III, | Case No.: 2:23-cv-01121-APG-DJA |
| Plaintiff | **Order On Motions to Reconsider** |
| v. | [ECF Nos. 21, 22] |
| RONALD OLIVER, et al, | |
| Defendants | |

## I.    INTRODUCTION

*Pro se* Plaintiff Toney White, III, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC), files duplicate motions for reconsideration. ECF Nos. 21, 22. As an initial matter, I deny White's first motion without prejudice as duplicative. ECF No. 21. In his motion, White contends that Defendant Christopher Day was improperly dismissed in the screening order (ECF No. 19 at 17) from the thirty-page second amended complaint (SAC). ECF No. 22 at 1–3. Upon consideration, I agree with White and grant his motion.

## II.    DISCUSSION

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same issues and

arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378

F.Supp.2d 1280, 1288 (D. Nev. 2005).

Considering the motion and reviewing the SAC and screening order, I grant White's

motion. ECF No. 22. White correctly notes that Day was directly involved in the allegations that

gave rise to the colorable claims he stated in Claims 1, 4, and 7 of the SAC. *See* ECF No. 18 at

6–8, 10, 24, 28. Therefore, I find that Plaintiff states the following colorable claims against Day:

First Amendment retaliation claim (Claim 1), Eighth Amendment excessive force claim (Claim

4), and the free speech claim under Article I, § 9 of the Nevada Constitution (Claim 7). Other

than adding Day to these claims, the screening order (ECF No. 19) remains in full force and

effect. For clarity, I will reiterate all the claims in the conclusion of this order that White brought

in the SAC.

## III.    CONCLUSION

I THEREFORE ORDER that White's motion for reconsideration at ECF No. 21 is denied

without prejudice as duplicative.

I FURTHER ORDER that White's motion for reconsideration (ECF No. 22) is granted.

I FURTHER ORDER that White's First Amendment retaliation claim (Claim 1) will

proceed against Defendants Day, Portillo, Pope, Pena, Perez, Kelly, Bancalari, B. Williams, J.

Williams, Oliver, Bean, Barth, Sanchez, Gutierrez, and Ashcraft.

I FURTHER ORDER that White's Eighth Amendment conditions of confinement claim

(Claim 2) is dismissed without prejudice.

I FURTHER ORDER that White's Eighth Amendment deliberate indifference to a

serious medical need claim (Claim 3) will proceed against Defendants Liang, Garcia, Rivas,

Gutierrez, Barth, Ashcraft, Sanchez, and Does 6-10, when White learns their identities.

1   I FURTHER ORDER that White's Eighth Amendment excessive force claim (Claim 4)

2  will proceed against Defendants Day, Portillo, Pope, Pena, Perez, Kelly, Bancalari, B. Williams,

3  J. Williams, Oliver, Bean, Barth, Sanchez, and Ashcraft.

4   I FURTHER ORDER that the Doe Defendants are dismissed without prejudice from

5  White's Eighth Amendment excessive force claim (Claim 4).

6    I FURTHER ORDER that White's conspiracy claim under 42 U.S.C. § 1985(3) (Claim

7  5) is dismissed without prejudice.

8   I FURTHER ORDER that White's claim under 42 U.S.C. § 1986 (Claim 6) is dismissed

9  without prejudice.

10   I FURTHER ORDER that White's free speech claim under Article I, § 9 of the Nevada

11  Constitution (Claim 7) will proceed against Defendants Day, Portillo, Pope, Pena, Perez, Kelly,

12  Bancalari, B. Williams, J. Williams, Oliver, Bean, Barth, Sanchez, Gutierrez, and Ashcraft.

13   I FURTHER ORDER that White's assault and battery claims (Claim 8) are dismissed

14  without prejudice.

15   I FURTHER ORDER that White's IIED claim (Claim 9) is dismissed without prejudice.

16   I FURTHER ORDER that White's negligence claim (Claim 10) is dismissed without

17  prejudice.

18   I FURTHER ORDER that the State of Nevada and the Nevada Board of Prison

19  Commissioners are dismissed from this action with prejudice, as amendment would be futile.

20   I FURTHER ORDER that Defendants Ford, Dzurenda, Aguilar, Lombardo, and Does 1-

21  5, 11-50 are dismissed without prejudice from the SAC.

22

23

I FURTHER ORDER that the Clerk of the Court electronically serve a copy of this order on the Office of the Attorney General of the State of Nevada. This does not indicate acceptance of service.

I FURTHER ORDER that, other than adding Defendant Day to Claims 1, 4, and 7 of the SAC, the screening order (ECF No. 19) remains in full force and effect.

DATED this 20th day of February, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE