UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONEY WHITE, | Case No.: 2:23-cv-01121-APG-DJA |
| Plaintiff | **Order Denying Plaintiff's Motions for Injunctive Relief and Granting Defendants' Motion to Seal** |
| v. | |
| RONALD OLIVER, et al., | [ECF Nos. 10, 11, 31] |
| Defendants | |

Toney White is an inmate currently housed at High Desert State Prison (HDSP), a facility of the Nevada Department of Corrections (NDOC). White sues various NDOC employees under 42 U.S.C. § 1983, claiming, as relevant here, a violation of his Eighth Amendment rights. He alleges that the defendants forcibly removed him from his cell on April 24, 2023, injuring his neck, back, and testicles, and have delayed giving him proper medical treatment for his injuries.

White moves for temporary and preliminary injunctive relief, requesting that I compel NDOC to make him an appointment "with a neck/back/pain specialist" as well as "a specialist qualified to determine [the] extent of [the] injury and damage to [his] testicles and treat said condition competently." ECF No. 10 at 11. The defendants oppose the motions, arguing that White is not likely to succeed on the merits because he did not exhaust his administrative remedies and because the defendants provided adequate care in light of the outside medical provider's findings of no serious medical problems after the incident.

White did not file a grievance though HDSP's internal grievance procedure about the alleged lack of follow up care. Thus, he is unlikely to succeed on the merits of his deliberate indifference claim because he failed to administratively exhaust that claim as required under the Prison Litigation Reform Act (PLRA). I therefore deny his motions for injunctive relief.

## I. LEGAL STANDARDS

The legal standard for a temporary restraining order is substantially identical to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate: (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either test, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (simplified). Mandatory injunctions that order a party to take specific action are "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (simplified).

The PLRA further restricts the availability of injunctive relief concerning prison conditions. *Armstrong v. Newsom*, 58 F.4th 1283, 1293 (9th Cir. 2023). I cannot grant injunctive relief unless I find "that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* (quoting 18 U.S.C. § 3626(a)(1)(A)).

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). That means the inmate "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The inmate thus must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

"[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Consequently, the defendants bear the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the defendants do so, the burden shifts to the inmate to show "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted). The defendants bear the "ultimate burden" of proving a failure to exhaust. *Id.*

**II. DISCUSSION**

White argues that he is entitled to injunctive relief because his Eighth Amendment claim is likely to succeed on the merits. He alleges that when the defendants removed him from his cell, they inflicted serious injuries and aggravated pre-existing conditions, and subsequently were deliberately indifferent to his medical needs by delaying his post-incident medical treatment.

The defendants respond that White is unlikely to succeed on the merits of this claim because he failed to exhaust it as required. The defendants argue that White has not filed any grievances regarding either his cell removal or any subsequent lack of medical treatment, and the time to do so has passed. Alternatively, the defendants argue that White is not likely to succeed on his Eighth Amendment claim because they were not deliberately indifferent to his serious medical needs. According to the defendants, when White visited an outside emergency room on April 25, 2023, doctors conducted extensive medical testing and concluded that White had no serious medical conditions and could return to work in two days. They contend that subsequent NDOC follow-up confirmed these findings, and an outside medical provider observed in May 2023 that White was not in "apparent distress." ECF Nos. 28 at 8; 29-1 at 25. Finally, they assert that when White was scheduled to attend a multi-day, off-site seizure study in August 2023, he refused to attend, forgoing an opportunity to discuss his medical concerns with outside providers. They argue that these instances indicate that White did not have a serious medical need, so they could not have been indifferent to it. Additionally, they argue that these instances evince "adequate and acceptable medical care" for any injuries. ECF No. 28 at 8.

White has not met his burden of showing that he is likely to succeed on the merits of his Eighth Amendment claim. The PLRA requires an inmate to "use all steps the prison holds out" to administratively exhaust their claim before filing a complaint in federal court. *Griffin*, 557 F.3d at 1119. For HDSP, those steps are found in NDOC's administrative regulation 740, which outlines the grievance procedure an inmate must follow to administratively exhaust claims. *See* ECF 28-3. White does not assert that he followed this procedure and he does not point to a grievance he filed regarding delay in medical treatment for injuries he incurred from the cell extraction. His grievance history from March 1, 2023 through December 1, 2023 does not

include any such grievance. *See* ECF No. 28-2. Thus, White did not exhaust his claim, so he is unlikely to succeed on the merits, failing the first prong of the injunctive relief analysis. Consequently, I deny both of White's motions for injunctive relief.

**III. CONCLUSION**

I THEREFORE ORDER that White's motions for a temporary restraining order and preliminary injunction **(ECF Nos. 10, 11) are DENIED**.

I FURTHER ORDER that the defendants' motion to seal **(ECF No. 31) is GRANTED**.

DATED this 27th day of March, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE