# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Toney A. White, | Case No. 2:23-cv-01121-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Ronald Oliver, et al., | |
| Defendants. | |

Before the Court is pro se inmate Plaintiff Toney A. White's motion for a ninety day extension of discovery. (ECF No. 63). Plaintiff explains that he has not received certain legal mail and that he has been discussing the missing legal mail with opposing counsel. Defendants Robert Ashcraft, Gerardo Bancalari, Jeremy Bean, Javier Garcia, Jay Barth, Jacob Kelley, Ronald Oliver, Juan Pena, Alfredo Perez, Joshua Pope, Manuel Portillo, David Rivas, Gustavo Sanchez, Brian Williams, and Julie Williams do not oppose Plaintiff's motion. (ECF No. 64). Defendants also move to extend the dispositive motions deadline by sixty days, explaining that the State of Nevada's computer systems have suffered a large scale cyberattack. (ECF No. 65).

The Court finds that both Plaintiff and Defendants have shown good cause for the extensions they seek. *See* Fed. R. Civ. P. 16(b); *see* LR 26-3. For uniformity, the Court will extend all remaining deadlines by ninety days. It therefore grants Plaintiff's motion and grants in part and denies in part Defendants' motion.

The Court also notes that, although Plaintiff is seeking to extend discovery deadlines, he did not follow the requirements of Nevada Local Rule 26-3,[1] which requires that a motion to extend or reopen a discovery deadline must meet certain requirements. Nonetheless, the Court

---

[1] This refers to the Local Rules of Practice for the United States District Court for the District of Nevada, which rules can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/

liberally construes Plaintiff's motion because he is pro se and grants it. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that a document filed *pro se* is to be liberally construed") (emphasis in original, internal citations and quotations omitted). The Court will copy the text of Local Rule 26-3 below and will expect any future motions or stipulations to extend discovery deadlines to comply with its requirements.

### LR 26-3. EXTENSION OF SCHEDULED DEADLINES

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;
(b) A specific description of the discovery that remains to be completed;
(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
(d) A proposed schedule for completing all remaining discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 63) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' motion to extend time (ECF No. 65) is **granted in part and denied in part.** It is denied in part only because the Court grants a longer extension than Defendants seek. It is granted in part in all other respects.

///

///

///

Case 2:23-cv-01121-APG-DJA   Document 66   Filed 09/24/25   Page 3 of 3

1  **IT IS FURTHER ORDERED** that the following deadlines shall govern discovery:

3  Discovery cutoff:            October 31, 2025
4  Discovery motions:           December 4, 2025
5  Dispositive motions:         December 23, 2025
6  Joint pretrial order:        January 22, 2026[2]

8  DATED: September 24, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.